UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JoAnna Lapati,
    Plaintiff

v.                                 C.A. NO. _____

Hasbro, Inc.
    Defendant

CA 14 - 34 L

## COMPLAINT

### INTRODUCTORY STATEMENT

This action is commenced by Joanna Lapati (hereinafter also referred to as "Plaintiff" or "Lapati") against Hasbro, Inc. (hereinafter also referred to as "Defendant" or "Employer" or "Hasbro") in order to remedy or seek relief for the Defendant's unlawful and discriminatory employment practices based on the Plaintiff's gender and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, and the Rhode Island Fair Employment Practices Act.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345.

2.      Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to

Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b), because:

   a. The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

   b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's place of business in Pawtucket, Rhode Island;

   c. the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a full-time employee of Defendant, at its Rhode Island facility, but for the Defendant's unlawful practices.

4. Plaintiff filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her gender and sexual orientation.

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or

federal court, including receiving Right to Sue authorization, as necessary, from pertinent state and federal agencies (EXHIBIT A).

## THE PARTIES

6. The Plaintiff, Joanna Lapati ("Lapati" or "Plaintiff"), an individual, is a resident of Warwick, Rhode Island.

7. On information and belief, the Defendant Hasbro, Inc., is a domestic corporation, registered and authorized by appropriate state authority to conduct business in the State of Rhode Island. The Defendant owns, operates, and maintains a principal place of business in the State of Rhode Island located at 1027 Newport Avenue; Pawtucket, RI 02862, the location at which the Plaintiff had been employed.

8. At all times material to the allegations of this Complaint, the Defendant has continuously, and do now, employ at least 100 or more employees in the State of Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII").

10. At all times material to the allegations of this Complaint, Defendant was and is an "employer" within the meaning of that term as applicable to pertinent provisions of Title VII.

11. Lapati is an "individual" within the meaning of pertinent provisions defining that term under Title VII.

12. At all times material to this action, the Defendant was an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

## FACTS APPLICABLE TO EACH COUNT

13. Plaintiff was employed by the Defendant, at 1027 Newport Ave., in Pawtucket, Rhode Island for approximately 14 years.

14. Plaintiff was terminated on or about January 23, 2013.

15. Plaintiff is a female and a lesbian.

16. At the time of Plaintiff's termination, she held the position of Supervisor, in the Model Artist Division.

17. During the course of her employment, Plaintiff was a loyal and dedicated Employee, providing 14 years of satisfactory service.

18. At the time of her termination, the Employer informed her that the reason for her termination was that she had violated the employer's Code of Conduct. Human Resources refused to provide the Plaintiff specifics regarding this alleged violation, but made a general allegation that Plaintiff was present for, and participated in, a sexually inappropriate comment.

19. Plaintiff was told that she was not entitled to specific information or any documentation regarding the allegation that she violated the employer's Code of Conduct.

20. Plaintiff requested the opportunity to dispute the allegation cited in Paragraph 18, but was informed that the decision was "final."

21. Plaintiff did not engage in any misconduct, and the Employer did not provided any facts to support such an allegation.

21. Plaintiff suffered retaliation because of her attempts to ensure compliance with the Employer's workplace policies and federal and state laws regarding hostile work environment and workplace discrimination regarding another employee.

22. During her tenure of employment, Plaintiff was also an ardent and vocal advocate of women's rights in the workplace and frequently complained about what she perceived as Hasbro's history of failing to accord respect and equal treatment to women employees.

23. Because of Plaintiff's open commitment to the cause of women's rights, her gender, and her sexual orientation, the Employer falsely accused her of wrongdoing in order to have a basis for termination.

24. The Rhode Island Department of Employment and Training has determined that the Plaintiff did not engage in any misconduct warranting her discharge, and awarded her full unemployment benefits.

25. But for the Defendant's intention to discriminate against Plaintiff on the basis of her gender and/or sexual orientation, and in retaliation, the Plaintiff would not have been subjected to discriminatory terms and conditions of employment, in the form of Defendant's decision to terminate her.

26. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender and sexual orientation.

27. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her gender and sexual orientation and her attempt to assert her legal rights.

28. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

# COUNT I
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## RETALIATION
## UNLAWFUL TERMINATION
## Under
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
## R.I.G.L. § 28-5-1 et seq.

29. Paragraphs 1-28 above are herein incorporated by reference in their entirety.

30. Defendant willfully engaged in a policy or practice of discriminating against employees based on gender and sexual orientation, including Plaintiff, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

31. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and sexual orientation;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender and sexual orientation;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her personal and professional reputation.

32. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sexual orientation. Such practices include, but are not limited to, Defendant's:

a.) failing to promote Plaintiff because of her gender/sexual orientation;

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sexual orientation; and

c.) subjecting Plaintiff to discriminatory terms and conditions of employment.

33. But for the Defendant's intent to discriminate against Plaintiff because of her gender/sexual orientation, Defendant would not have retailed against Plaintiff, subjected her to discriminatory terms and conditions of employment, or terminated her.

34. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has caused her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT II
## DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
## HOSTILE ENVIRONMENT
## TERMINATION
## AND RETALIATION BASED ON GENDER
## RHODE ISLAND CIVIL RIGHTS ACT OF 1990
## R.I.G.L. 42-112-1 ET SEQ.

35. Paragraphs 1-28, above, are herein incorporated by reference in their entirety.

36. By its conduct, Defendant has discriminated against Plaintiff on the basis of her sex/sexual orientation, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sexual orientation;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and sexually-threatening environment based on her sex/sexual orientation; and

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

37. As the direct, foreseeable, and intended result of Defendant's unlawful discrimination, Lapati has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

38. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Lapati's gender/sexual orientation. Such practices include, but are not limited to, Defendant's:

    a.) subjecting Lapati to discriminatory terms and conditions of employment because of her gender/sexual orientation, and creating and tolerating a hostile work environment;

    b.) retaliating against Lapati for asserting her rights to be free from discrimination based on gender/sexual orientation;

    c.) terminating Lapati.

39. But for the Defendant's intent to discriminate against Plaintiff because of her gender/sexual orientation, Defendant would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or terminated her.

40. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of

Plaintiff's gender/sexual orientation. The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**HOSTILE ENVIRONMENT**
**UNLAWFUL TERMINATION**
**AND RETALIATION BASED ON GENDER**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. §2000, ET SEQ.**

41. Paragraphs 1-28 above are herein incorporated by reference in their entirety.

42. Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

43. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

e.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender/sexual orientation;

f.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

g.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender/sexual orientation;

h.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

44. The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Plaintiff's gender/sexual orientation. Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender/sexual orientation;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender/sexual orientation; and

d.) terminating Plaintiff.

45. But for the Defendant's intent to discriminate against Plaintiff because of her gender/sexual orientation, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile

environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

46. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender/sexual orientation;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, backpay, frontpay, the value of lost benefits, and

interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Joanna Lapati,
By Her Attorney,

*Stephen T. Fanning*
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)